## Maloney v. Hallstead.

*Negligence—Animals—Injury from dog bite—Burden of proof—Evidence.*
Where defendant, upon going out of the State, left his dog in charge of his mother's chauffeur until his return several months afterwards, and had no knowledge of the nature and character of the dog nor of his biting anybody until after his return, the knowledge of the chauffeur regarding the nature and character of the dog cannot be imputed to defendant, unless that knowledge was communicated to him prior to the date on which plaintiff was bitten. The burden of proof to show this is on plaintiff.

Motion for a new trial. C. P. Lackawanna Co., Oct. T., 1921, No. 51.

*M. L. Barrett, Jr.,* for plaintiff.

*R. H. Patterson* and *R. W. Rymer,* for defendant.

EDWARDS, P. J., July 9, 1924.—The motion for a new trial in this case is on behalf of the plaintiff, although the verdict was in his favor in the sum of $353. At the conclusion of the trial, we hesitated about submitting the case to the jury. However, we allowed the jury to consider the case, the result being the verdict above stated.

The action is one of trespass. Plaintiff was bitten on the leg by a dog owned by the defendant. Plaintiff, in his statement of his cause of action, averred that on the day he was bitten, the dog "was of a ferocious, vicious and dangerous nature, and was used and accustomed to attack and bite mankind." The statement further avers that the defendant, "on the day and date aforesaid and for a long time prior thereto, knew, or ought to have known, that the said dog was of a ferocious, vicious and dangerous nature," etc.

The averments in the statement indicate the two main propositions which the plaintiff was bound to establish in order to have his case go to the jury. First, it was necessary for the plaintiff to prove that the dog was of a vicious and ferocious nature prior to June 2, 1920, the day the plaintiff was bitten; and, second, that the defendant was aware, or should have been aware, of this fact. On the first proposition we held that there was enough evidence to submit that question to the jury, although the evidence was slight. What was the evidence as to the alleged ferocious nature of the dog? It appears that, prior to the said day in June, the dog had bitten one Mr. Miller; and it was further shown that the dog had jumped at and attempted to bite a person of tender years. It was not clear that this second occurrence was prior to the one complained of in the statement. However, the first proposition was decided by the jury in favor of the plaintiff. As to the second proposition, we used the following language in our charge to the jury: "There is very slight evidence in the case from the beginning to the end as to the knowledge of the defendant of the nature and character of this dog." The evidence shows that the defendant purchased the dog in the fall of 1919, when he was a pup. The dog was kept on the premises of the defendant's mother, where defendant lived, and was given in charge of the chauffeur, Mr. Dowling. In April, 1920, the defendant left for Boston, returning in July, and knew nothing about the dog biting anybody until he returned. The contention of plaintiff's counsel was that whatever the chauffeur knew the defendant knew, the latter having placed the dog in the chauffeur's charge. We held that the knowledge of the chauffeur could not be imputed to the defendant unless that knowledge was communicated to the latter prior to June 2, 1920. And of this there was no proof. However, this question is of no importance in the present condition of the case. Notwithstanding the

views of the court, the defendant is not asking for a new trial, nor is he asking for a rule for judgment for defendant *non obstante veredicto* on the record. He seems willing to let the verdict stand and to pay the amount thereof.

We are not convinced that the plaintiff is entitled to a rule for a new trial. He ought to be satisfied with the amount of the verdict. It is reasonable, considering all the circumstances disclosed by the evidence.

Now, July 9, 1924, a rule for a new trial is refused.

From William A. Wilcox, Scranton, Pa.